## J. W. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7412.   Promulgated January 30, 1928.

*Robert Ash, Esq., Thomas J. Reilly, Esq.,* and *R. L. Crofton, C. P. A.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

## OPINION.

MORRIS: The sole question for our consideration is whether the respondent erred in holding that the two amounts, $3,026.67 and $7,658.44, charged to the undivided profits account on the books of the Leland Mercantile Co. in 1918, constituted dividends to the petitioner.

Section 201 of the Revenue Act of 1918 provides in part:

(a) That the term "dividend" when used in this title (except in paragraph (10) of subdivision (a) of section 234) means (1) any distribution made by a corporation, other than a personal service corporation, to its shareholders or members, whether in cash or in other property or in stock of the corporation, out of its earnings or profits accumulated since February 28, 1913, or (2) any such distribution made by a personal service corporation out of its earnings or profits accumulated since February 28, 1913, and prior to January. 1, 1918.

Notwithstanding the conflicting state of facts developed during the course of this hearing, we are convinced that the item of $7,658.44 can in no sense of the word be regarded as a dividend. We have the testimony of the petitioner himself that the books of the Company

were out of balance by $7,658.44 for some time; that the bookkeeper had taken considerable time endeavoring to locate the errors making up that difference, and that he instructed the bookkeeper to make this arbitrary entry to place the books in balance. We also have the oral testimony of a public accountant who examined the books of the Company, and who testified that a great number of erroneous debits and credits were located and verified by him in the net amount of $7,658.44. We, therefore, have no hesitancy in saying that under the evidence adduced the respondent was clearly in error in holding this amount to be a dividend.

As to the $3,026.67 item, there may be some reason for doubt. Let us briefly examine the testimony and evidence covering this amount. The evidence substantiating the contentions of the respondent will be found in the Company's return for 1918 wherein this amount, and for that matter the sum of $7,658.44, was described as a dividend by the accountant preparing the return. The admissions contained in those communications written for the petitioner to the respondent in 1920 also strongly favor the position taken by the respondent. However, the rights of the petitioner are not to be foreclosed because of those admissions if he can satisfactorily establish by the evidence that the amount in question was not in fact a dividend. The oral testimony of the petitioner at the hearing is that he, personally, bought a piece of land, and that $3,026.67 was paid on this land by the Company for his account; that he instructed the bookkeeper to charge that amount to his individual account; that there was an ample amount to his credit in the books of the Company with which to discharge this obligation to the Company; that the bookkeeper erred in charging this amount to the undivided profits account. We have the minutes of the stockholders' meeting of January 1, 1919, in which it is expressly stated that no stockholder would draw any dividend on his stock for the year 1918. Petitioner testifies that an auditor prepared the Company's 1918 return and that he was not employed to audit the books at that time; consequently, it is reasonable to infer that the return as prepared would reflect any errors then existing in the books of account. Furthermore, the witness testified that his accountant prepared the communications referred to hereinabove and that he, without knowing the contents thereof or understanding them, signed those communications. The error was not discovered until some time in 1923 when the books were checked, long after the filing of the 1918 return and the mailing of those letters to the respondent; therefore, we may assume that any and all explanations offered prior to the discovery of this error in 1923, were also erroneous. The witness emphatically denies that this sum was a dividend in the stricter sense and that it was ever so intended.

Notwithstanding all of the conflicting statements that have been made by or on behalf of the petitioner, we must weigh those statements, together with the petitioner's recent oral testimony, made after due deliberation and thought and after thorough examination into the facts and discovery of the true state of affairs, in arriving at our conclusion. While the evidence offered by the respondent, the admission contained in the 1918 tax return of the Company, the further admissions in the communications between the Company and the respondent, and the fact that the sum in question was paid by the Company for the benefit of the petitioner, tend most strongly to substantiate the contentions of the respondent, we are of the opinion that the petitioner has established by a preponderance of the evidence that no dividends were declared or paid for 1918 within the meaning of section 201 of the Revenue Act of 1918.

*Judgment will be entered on 15 days' notice, under Rule 50.*